**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARNELL W. MOON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23CV1195 JMB |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Darnell Moon brings this civil action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 USC § 1961, *et seq.* The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint and Exhibits[1]**

Plaintiff brings this civil action against defendant Portfolio Recovery Associates, LLC ("PRA"),[2] which he describes as a company that acts as "a collections agency and high-volume

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] At times in his complaint, Plaintiff refers to defendant as "Portfolio Recovery Services, LLC." *See* ECF Nos. 1 at 4; 1-1 at 2. However, based on Plaintiff's document exhibits, it seems clear that the defendant's proper name is "Portfolio Recovery Associates, LLC." *See* ECF Nos. 2-3.

debt-buyer" with its principal place of business in Norfolk, Virginia. ECF Nos. 1 at 1-2 & 4; 1-1 at 2 & 10. Plaintiff brings four counts against PRA: (1) violation of the FDCPA; (2) violation of RICO; (3) common law fraud under Missouri law; and (4) intentional infliction of emotional distress under Missouri law. ECF No. 1-1 at 18-22.

According to Plaintiff, "sometime in or around 2015,"[3] he opened two credit cards with Capital One. *Id.* at 2. At some point in time that Plaintiff cannot recall, he fell behind on his credit card payments and his accounts were placed in collection status. *Id.* at 2-3. In 2016, Plaintiff was incarcerated and he forgot about the debt. *Id.* at 3. In early 2017, defendant PRA "acquired" Plaintiff's debt from Capital One and began a search for Plaintiff. *Id.*; *see also* ECF Nos. 2-3. Starting in 2017, Plaintiff alleges that PRA contacted his family members repeatedly in an attempt to collect the debt and that in these calls, PRA threatened to have Plaintiff and his family members arrested "if they did not load funds onto a card and pay plaintiff's credit card debts." ECF No. 1-1 at 12-13. Plaintiff asserts that PRA specifically targeted his two sisters with these threatening calls. *Id.* at 3-4 & 13. According to Plaintiff, he was not "legally obligated to pay" this debt because the "5[-]year statute of limitations to collect the debt had expired."[4] *Id.* at 14.

Before Plaintiff's release from incarceration into a halfway house in November 2022, PRA began contacting him on his multiple cell phone numbers. *Id.* at 4-5. Plaintiff alleges that he told the PRA callers "that he did not want them to call him[] and that he did not legally owe the debts, since they [were] more than 5 years old." *Id.* at 5. However, PRA continued to "call and harass" Plaintiff – sometimes multiple times in one day – and on one call, Plaintiff was threatened with arrest and jail time if he did not pay the past-due debt. *Id.* Plaintiff states that since his November

---

[3] Based on an exhibit filed by Plaintiff, it appears that at least one of these accounts was opened in October 2014. *See* ECF No. 3 at 3.

[4] Although not cited by Plaintiff, presumably he is referring to Missouri's five-year statute of limitations on "actions upon contracts, obligations or liabilities, express or implied." Mo. Rev. Stat. § 516.120(1).

2022 release to a halfway house, PRA has contacted Plaintiff "more than 200 times." *Id.* Based on undated exhibits filed by Plaintiff on September 22, 2023, PRA believes Plaintiff owes approximately $1,371.42 on the two debts. ECF Nos. 2-3.

A fair portion of Plaintiff's complaint provides a general, sweeping description of other lawsuits, pursued by other parties against defendant PRA, and the alleged wrongdoings that PRA committed in those cases. ECF No. 1-1 at 6-12 & 15. Plaintiff does not provide citations to any of these lawsuits and there is no evidence that the suits are based on the same set of wrongdoings that Plaintiff alleges PRA has committed against him. *See id.* at 11-12 ("PRA often submits false or deceptive affidavits to state and local courts … [and] collect[s] on debt without providing any of the required documentation."). Plaintiff does describe extensively the wrongdoings that he alleges PRA has committed on his family members. *Id.* at 3-4, 7, 12, 18, & 19-21.

As to his RICO claim, Plaintiff alleges that PRA is both a "person" and an "enterprise" as defined under RICO. *Id.* at 10-11. Plaintiff states that PRA routinely purchases loans that have been charged-off, credit card accounts, and other debts from originating debtors at a discount, then PRA attempts to collect the debts. *Id.* at 11. Specifically, as to Plaintiff, he asserts that PRA continued to call him after Plaintiff asked them to stop, and that they threatened legal action if Plaintiff did not pay – even though they knew the debts were not legally owed. *Id.* at 14-15. Plaintiff alleges that these calls were still continuing as of the filing of the instant complaint in September 2022, and that as a result, he has suffered severe and extreme emotional distress and anxiety. *Id.* at 15 & 17-18.

Plaintiff goes on to allege that PRA's actions differ from its "usual and daily activities" and constitute "racketeering activity" because PRA "forces" its employees to violate the FDCPA by harassing and threatening consumers with phone calls and mailings, and by threatening legal action to collect debts. *Id.* at 16-17. The Court notes that Plaintiff provides no factual allegations

supporting how he would know the innerworkings of the relationship between PRA and its employees; he does not allege to have ever worked for PRA himself and he provides no evidence of communications between PRA and its employees.

Finally, Plaintiff's summary of his RICO claim against PRA:

> Portfolio Recovery Associates LLC agreed to and did conduct and did participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding plaintiff. … [PRA] began calling plaintiff threatening plaintiff with lawsuits and jail on those legally uncollectible debts, it was conducting and also participating in the conduct of the affairs of the enterprise through an [] illegal pattern of racketeering activity, in this case, harassment, blackmail/extortion, and fraud under MO state law.

*Id.* at 19-20.

Plaintiff seeks declaratory relief, injunctive relief, and damages totaling over 16.5 million dollars. *Id.* at 22-23.

**Discussion**

After careful review and liberal construction of the complaint, the Court finds that Plaintiff has alleged sufficient facts for his FDCPA claim to survive review. However, the Court finds that Plaintiff's RICO claim fails for lack of injury to property or business; Plaintiff has only alleged emotional injuries in this matter. Finally, taking Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently alleged facts to support an intentional infliction of emotional distress claim under Missouri law, but he has not adequately plead a Missouri claim for common law fraud. As such, Plaintiff's RICO claim and Missouri common law fraud claim will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). The Court will direct that process issue against defendant Portfolio Recovery Associates, LLC on Plaintiff's claims under the FDCPA and Missouri intentional infliction of emotional distress.

**I. Fair Debt Collection Practices Act ("FDCPA") Claim**

"Although the Eighth Circuit has not recognized specific elements to a violation of the FDCPA, the Court finds that an FDCPA claim must meet three elements: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Klein v. Stewart Zlimen & Jungers, Ltd.*, No. CV 18-658, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019). Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. An action to enforce the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

**a. Plaintiff Cannot Bring Claims on Behalf of Others**

As an initial matter, the Court notes that much of Plaintiff's complaint alleges injuries and wrongdoings done to others, including his family members. However, as a pro se litigant, Plaintiff lacks standing to bring claims on behalf of others. Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"). As such, to the extent that Plaintiff is attempting to bring claims on behalf of others, he lacks standing to do so and no process will issue on behalf of other parties' potential claims. Plaintiff's allegations regarding communications between PRA and Plaintiff's family members will only be considered in relation to FDCPA violations that Plaintiff can bring on his own behalf.

**b. Plaintiff's Own FDCPA Claim**

Plaintiff's complaint sufficiently alleges that he is a consumer, PRA is a debt collector, and the debt at issue is a personal debt. Furthermore, Plaintiff asserts that defendant PRA engaged in multiple acts prohibited by the FDCPA including that: (1) a debt collector may not communicate with third parties about a consumer's debt without prior consent from the consumer (15 U.S.C. § 1692c(b)); (2) a debt collector cannot engage in any harassing, oppressive, or abuse conduct, including repeated and continuous phone calls with the intent to annoy, abuse or harass (15 U.S.C. § 1692d(5)); and (3) a debt collector may not use false, deceptive, or misleading representations in the attempt to collect a debt, including the implication that nonpayment of the debt will result in arrest or imprisonment (15 U.S.C. § 1692e(4)). Plaintiff's assertion that PRA called him over 200 times since his November 2022 release from a halfway house, is enough alone to state a claim of intent to annoy, abuse, or harass. Finally, according to Plaintiff, these prohibited acts have occurred within the year prior to initiation of this case in September 2023, and therefore are not barred by the statute of limitations.

As such, the Court finds that Plaintiff's complaint sufficiently states a claim under the FDCPA and will direct that process issue on this claim against defendant Portfolio Recovery Associates, LLC.

**II. Racketeer Influenced and Corrupt Organizations ("RICO") Act Claim**

RICO grants a private right of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). As relevant to Plaintiff's allegations here, Section 1962 makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Id.* § 1962(c)).

Plaintiff's complaint here fails to state a RICO claim against PRA. Plaintiff does not allege an injury to his business or property from the alleged actions of defendant PRA. Plaintiff asserts only that he has suffered "severe and extreme emotional distress" and "anxiety." ECF No. 1-1 at 18 & 21. RICO does not provide recovery for physical or emotional injuries. *Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219, 225 (S.D.N.Y. 2003); *see, e.g., Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("[A] plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."). A RICO plaintiff must show injury "by reason of" a RICO violation and this showing "requires proof of concrete financial loss." *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1053 (8th Cir. 2024) (citing *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 728 (8th Cir. 2004)). In this case, Plaintiff does not allege any financial loss nor provide evidence of such. As such, Plaintiff's complaint fails to state a RICO claim upon which relief may be granted. This claim will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## III. Missouri State Law Claims: Common Law Fraud and Intentional Infliction of Emotional Distress

Plaintiff's complaint also seeks relief under Missouri law based on violations of common law fraud and intentional infliction of emotional distress. As discussed below, Plaintiff's complaint fails to plead the necessary elements of his fraud claim, but the intentional infliction of emotional distress claim survives initial review.

According to the Missouri Supreme Court, "[t]he elements of a cause of action for a common law fraud are: false material representations; defendant's knowledge of its falsity or ignorance of its truth; defendant's intent that it be acted upon by plaintiff in a manner reasonably contemplated; plaintiff's ignorance of falsity of the statement; plaintiff's rightful reliance on its truth and right to rely thereon; and proximate injury." *Norden v. Friedman*, 756 S.W.2d 158, 164 (Mo. 1988) (internal citation omitted). In this case, Plaintiff states that when PRA debt collectors

started calling him to attempt to collect past due debt, he told them "that he did not want them to call him[] and that he did not legally owe the debts." ECF No. 1-1 at 5. Because Plaintiff knew PRA's assertions were untrue and therefore, Plaintiff was not ignorant of the falsity of the statements of these PRA debt collectors, he has not plead all the required elements of a Missouri common law fraud claim.

Finally, "[i]n Missouri, to state a claim of intentional infliction of emotional distress, a plaintiff must plead: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress resulting in bodily harm." *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 321 (Mo. Ct. App. 2010) (internal citations omitted). Here, Plaintiff alleges that PRA employees called him over 200 times in less than a year, attempting to collect the debt. According to Plaintiff, this caused him to suffer extreme emotional distress, pain, suffering, and an inability to enjoy daily activities. ECF No. 1-1 at 22. Taking these allegations as true, the Court finds that Plaintiff's complaint states a Missouri law claim of intentional infliction of emotional distress. The Court will direct that process issue on this claim against PRA.

**Conclusion**

Plaintiff's motion to proceed *in forma pauperis* will be granted and the filing fee will be waived in this matter. The Court reminds Plaintiff of his duty to promptly notify the Court in writing as to any change in his financial status. *See* E.D. Mo. Local Rule 2.05(B). Based on a review of Plaintiff's pleadings under the legal standard of 28 U.S.C. § 1915(e), Plaintiff's RICO claim and Missouri intentional infliction of emotional distress claim will be dismissed for failure to state a claim upon which relief may be granted. However, the Court will direct that process issue on Plaintiff's FDCPA claim and his Missouri common law fraud claim. Based on a review of Court records and the records of the Missouri Secretary of State, the parent company of

defendant Portfolio Recovery Associates, LLC is PRA Group, Inc. – an organization with a registered agent for service in the State of Missouri. As such, the Court will direct that service issue to that agent.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's claims under RICO and Missouri law for intentional infliction of emotional distress are **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Plaintiff's FDCPA claim and Missouri common law fraud claim by serving defendant Portfolio Recovery Associates, LLC at its parent company, PRA Group, Inc.'s designated agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 7th day of February, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE