UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARNELL W. MOON, )
)
Plaintiff, )
)
v. )    No. 4:23-CV-01195-CMS
)
PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
)
Defendant. )

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Defendant Portfolio Recovery Associates,

LLC's ("PRA" ) Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56

(Doc. 38; 58).  This Court **GRANTS** PRA's Motion for Summary Judgment on all

of Plaintiff's remaining claims.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this civil action against PRA, which he describes as a company

that acts as "a collections agency and high-volume debt-buyer," with its principal

place of business in Norfolk, Virginia. (Doc. 1 at pp. 1-2 & 4; Doc. 1-1 at pp. 2 &

10). Plaintiff initially brought four counts against PRA: (1) a violation of the Fair

Debt Collection Practices Act ("FDCPA"); (2) a violation of the Racketeer

Influenced and Corrupt Organizations Act ("RICO"); (3) an allegation of common

1

law fraud under Missouri law; and (4) an allegation of intentional infliction of emotional distress under Missouri law. (Doc. 1-1 at pp. 18-22).

## The Allegations in Plaintiff's Complaint

According to Plaintiff's complaint, "sometime in or around 2015," he opened two credit cards with Capital One. *Id.* at 2. At some point in time that Plaintiff cannot recall, he fell behind on his credit card payments and his accounts were placed in collection status. *Id.* at 2-3. In 2016, Plaintiff was incarcerated and forgot about the debt. *Id.* at 3. In early 2017, PRA "acquired" Plaintiff's debt from Capital One and began a search for Plaintiff. *Id.*; *see also* (Doc. 2-3). Plaintiff alleged that in 2017, PRA began repeatedly contacting his family members in an attempt to collect the debt. In these calls, PRA threatened to have Plaintiff and his family members arrested "if they did not load funds onto a card and pay plaintiff's credit card debts." (Doc. 1-1 at pp. 12-13). Plaintiff asserted that PRA specifically targeted his two sisters with these threatening calls. *Id.* at pp. 3-4 & 13. According to Plaintiff, he was not "legally obligated to pay" this debt because the "5[-]year statute of limitations to collect the debt had expired." *Id.* at 14.

Before Plaintiff's release from incarceration into a halfway house in November 2022, PRA began contacting him on his multiple cell phone numbers. *Id.* at 4-5. Plaintiff alleged that he told the PRA callers "that he did not want them to call him[] and that he did not legally owe the debts, since they [were] more than

2

5 years old." *Id.* at 5. PRA continued to "call and harass" Plaintiff—sometimes multiple times in one day. On one call, Plaintiff was threatened with arrest and jail time if he did not pay the past-due debt. *Id.* Plaintiff stated that, since his November 2022 release to a halfway house, PRA has contacted Plaintiff "more than 200 times." *Id.* Based on undated exhibits filed by Plaintiff on September 22, 2023, PRA's position was that Plaintiff owed approximately $1,371.42 on the two debts. (Doc. 2-3).

On February 7, 2024, Judge Henry E. Autrey of this Court issued an order dismissing Plaintiff's RICO and Missouri common-law fraud claims without prejudice. (Doc. 7).

## PRA's Motion for Summary Judgment

After discovery was completed, PRA moved for summary judgment. (Doc. 38). PRA asserted that summary judgment on both remaining claims was proper on several grounds. (Doc. 38; 40). Along with its motion and memorandum in support, PRA filed a Statement of Uncontroverted Material Facts. (Doc. 39).

Plaintiff's Response in Opposition to PRA's Motion for Summary Judgment (Doc. 49) did not specifically identify any fact contested by Plaintiff. Nor did Plaintiff cite any materials in the record to support the factual allegations in his response. Uncontroverted material facts not properly contested are accepted as true for purposes of summary judgment. *See Jones v. United Parcel Services, Inc.*, 461

3

F.3d 982, 991 (8th Cir. 2006) (finding that district court "properly deemed defendants' statements admitted" when the "plaintiffs failed to provide a pleading in accordance with the rules that controverted any of the movants' facts.")

## The Uncontroverted Material Facts

Plaintiff had two Capitol One Bank credit card accounts. (Doc. 39 at 1). Plaintiff has produced no evidence that these accounts were used for "personal, family, or household purposes." *Id.* at 4. Because Plaintiff did not pay the accounts in full, Capitol One "charged-off" the accounts and sold them to PRA. *Id.* at 1.

PRA called Plaintiff 12 times at Plaintiff's number ending in 0704 between November 1, 2022, and September 22, 2023. *Id.* at 2. PRA called Plaintiff at this number on the following dates: April 7, 2023; April 8, 2023; April 10, 2023; April 13, 2023; April 21, 2023; April 25, 2023; April 27, 2023; May 3, 2023; May 4; 2023; May 5, 2023; May 9, 2023; and May 18, 2023. *Id.* All of these calls occurred between the hours of 8 A.M. and 9 P.M and were for the purpose of discussing Plaintiff's past due accounts. *Id.*

In the same time period, PRA also called Plaintiff 11 times at his number ending in 3299. *Id.* PRA called Plaintiff at this number on the following dates: July 9, 2023; July 10, 2023; July 12, 2023; July 13, 2023; July 19, 2023; July 24, 2023; July 25, 2023; July 26, 2023; August 2; 2023; August 8, 2023; and August 9, 2023. *Id.* at 3. All of these calls occurred between the hours of 8 A.M. and 9 P.M. *Id.*

4

PRA recorded all telephone calls that were connected concerning Plaintiff's accounts. *Id.* In these recorded calls, PRA never threatened to take legal action against Plaintiff if he did not pay the past-due accounts, and Plaintiff did not tell PRA that he wanted it to stop calling him. *Id.*

## ANALYSIS

### Summary Judgment Standard

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. *Id.* at 323. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of

persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)).

When the moving party meets this burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Liberty Lobby, Inc.*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256 (quoting Fed. R. Civ. P. 56(e)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

In addition to the requirements of Rule 56, this Court's Local Rule 4.01(E) addresses a non-moving party's duties in opposing a moving party's Statement of Material Facts:

> Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Plaintiff's failure to comply with Rule 56(e) and Local Rule 4.01(E) means that all of PRA's uncontroverted material facts supported by the record are deemed admitted. *See United Parcel Services, Inc.*, 461 F.3d at 991. This Court has independently verified that all of PRA's factual assertions are supported by the attached exhibits and the record.

**PRA is Entitled to Summary Judgment on Plaintiff's FDCPA Claim.**

Plaintiff's first claim seeks relief under the FDCPA. "To prevail on an FDCPA claim, a plaintiff must prove that (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kowouto v. Jellum Law, P.A.*, 672 F.Supp.3d 699, 702 (D. Minn. 2023).

First, PRA argues that Plaintiff cannot satisfy the first element of a FDCPA claim because he has produced no evidence that the debt was incurred for "consumer" purposes. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). It further clarifies that "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family,

7

or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a). "When Congress takes the trouble to define the terms it uses, a court must respect its definitions as 'virtually conclusive'". *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 59 (quoting *Sturgeon v. Frost*, 587 U.S. 28, 56 (2019)).

Taken together, the plain text of 15 U.S.C. § 1692(a) means that the FDCPA applies only to debts incurred for "personal, family, or household purposes." *See Bloom v. I.C. System, Inc.*, 972 F.2d 1067 (9th Cir. 1992). Plaintiff has neither alleged nor presented any evidence—at any point in the litigation—that his debts were incurred for "personal, family, or household purposes." (Doc. 39 at 4). Because Plaintiff neither alleged nor produced any evidence supporting an "essential element" of his FDCPA claim, summary judgment for PRA is proper.

This Court also grants summary judgment on this claim for another reason: Plaintiff has presented no evidence supporting his allegations that "the defendant has engaged in an act or omission prohibited by the FDCPA." *Kowouto*, 672 F.Supp.3d at 702. "Impermissible practices" for purposes of the FDCPA "include harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (citing 15 U.S.C. § 1692d-f)). "Courts have held that the question whether a debt collector's conduct in

8

attempting to contact a debtor by telephone amounts to harassment or annoyance in violation of these provisions ultimately turns on evidence regarding the volume, frequency, pattern, or substance of the phone calls." *Kuntz v. Rodenburg, LLP*, 838 F.3d 923, 926 (8th Cir. 2016) (quoting *Kavalin v. Global Credit & Collection Corp.*, No. 10–CV–314, 2011 WL 1260210, at *4 (W.D.N.Y. Mar. 31, 2011)). Summary judgment is proper when "no reasonable jury could find the requisite level of harassment." *Id.*

The uncontroverted facts here establish that PRA called Plaintiff 23 times between November 1, 2022, and September 22, 2023. (Doc. 39 at 2). Without more, no reasonable jury could find that this volume of calls amounts to harassment. *See id.* (holding 14 calls over a one-month period "did not rise to the level of harassment as a matter of law"); *Carman v. CBE Group, Inc.*, 782 F.Supp.2d 1223, 1227 (D. Kan. 2011) (149 calls over a two-month period); *Moore v. CCB Credit Servs., Inc.*, No. 11-2132, 2013 WL 211048, at *4 (E.D. Mo. Jan. 18, 2013) (65 times over a five-month period); *Hammett v. Portfolio Recovery Assocs.*, LLC, No. 21-00189, 2022 WL 3370912, at *19 (E.D. Ark. Aug. 16, 2022) (187 calls over an 11-month period), *aff'd*, No. 23-2638, 2024 WL 2845943 (8th Cir. June 5, 2024), *cert. denied*, 145 S.Ct. 1189 (2025).

The content of the calls also did not violate the FDCPA. *See* 15 U.S.C. § 1692e(5) (prohibiting a debt collector from making a "threat to take any action that

cannot legally be taken or that is not intended to be taken.") There is no "plausible FDCPA violation in the absence of a threat of litigation or actual litigation." *Tillman v. Midland Credit Mgmt., Inc.*, 2019 WL 6718985 at *3 (W.D. Ark. Dec. 10, 2019); *see also Freyermuth*, 248 F.3d at 771 ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."). According to the uncontroverted facts, on the 23 calls to Plaintiff, PRA never threatened Plaintiff with litigation related to the two debts. (Doc. 39 at 3). Even if Plaintiff's debts were potentially time-barred, PRA did not violate the FDCPA because it never threatened Plaintiff with litigation or actually litigated against Plaintiff.

Plaintiff also has not contested PRA's statement of material fact denying that it engaged in any communications with third parties about Plaintiff's debts.  A "debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692(b). Plaintiff's complaint alleged that PRA threatened his two sisters over the phone, but Plaintiff has produced no evidence in support of this allegation.

For these reasons, Plaintiff cannot establish that PRA engaged in any conduct that is prohibited by the FDCPA. Summary judgment is proper for PRA on this ground.

**PRA is Entitled to Summary Judgment on Plaintiff's IIED Claim.**

PRA also is entitled to summary judgment on Plaintiff's Missouri common-law claim of intentional infliction of emotional distress as a matter of law. "In order to state an emotional distress claim, the plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. 1996) (*en banc*) (quoting *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. 1993) (*en banc*). Plaintiff's complaint did not allege that PRA's conduct caused him to suffer severe emotional distress that resulted in bodily harm. (Doc. 1). Plaintiff also does not contest at the summary judgment stage PRA's denial that PRA's conduct caused "severe emotional distress that result[ed] in bodily harm." (Doc. 39 at 4). Because Plaintiff has not alleged that he suffered any bodily harm or contested PRA's factual assertion that he did not suffer bodily harm, Plaintiff cannot establish an essential element of his intentional infliction of emotional distress claim. Summary judgment for PRA is appropriate.

11

## CONCLUSION

PRA's Motion for Summary Judgment is **GRANTED** on both of Plaintiff's remaining counts. An appropriate Judgment shall accompany this Opinion, Memorandum, and Order.

Dated this 2nd day of October 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE